UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-1756-DC-JDP (P)<br><br>ORDER |

  Plaintiff, a state prisoner, brought this action against defendants in the Sacramento County Superior Court against defendants California Department of Corrections and Rehabilitation, N. Flores, M. Farris, S. Gates, B. George, E. McDaniel, A. Mehta, Y. Mendoza, and E. Royal. ECF No. 1 at 6. Defendants removed the action to this court on the basis of federal question jurisdiction, because plaintiff alleged violations of his First and Eighth Amendment rights. *Id.* at 3, 6. Plaintiff then filed a motion for remand, seeking to amend his complaint and drop his federal claims to negate federal question jurisdiction and, separately, arguing that the removal was procedurally deficient. ECF No. 5. Subsequently, plaintiff conceded that he could not simply delete his federal claims, ECF No. 10 at 1; he continues, however, to maintain that the removal was procedurally deficient. For the reasons stated below, the motion to remand is

1 denied. A screening order addressing plaintiff's complaint will issue separately.

2 Plaintiff argues that removal was improper because it was accomplished without defendant Flores, even though she had been served on June 18, 2024, three days before this case was removed. ECF No. 5 at 8. "All defendants must join in a removal petition with the exception of nominal parties." *Hewitt v. Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). Only defendants who have been properly served must join a petition for removal, however. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). And, even where a removal is procedurally deficient for lack of unanimity, a court may allow defendants to cure the defect by obtaining joinder of the missing defendants before entry of judgment. *Id.* at 956-57; *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court.").

Defendants argue that defendant Flores was not properly served prior to removal. They point out that Flores was not served at the prison prior to the date of removal. ECF No. 8-1 at 2. Plaintiff, however, claims that he served Flores at California Department of Corrections and Rehabilitation headquarters prior to the removal date. ECF No. 12 at 13. Defendants argue that service attempt was invalid and not accepted. ECF No. 14 at 5. Accordingly, I find that there is no procedural deficiency warranting remand. And, even if there were, I would allow defendants to cure it rather than remanding. I will also deny plaintiff's motion for sanctions that argues defendants attempted to mislead the court, ECF No. 12; there is no evidence that they knew plaintiff had unsuccessfully attempted service at headquarters. Moreover, the declaration attached to defendants' opposition attested only to the failure to serve Flores at the prison and, thus, was neither false nor intentionally misleading.

Accordingly, it is ORDERED that:

1. Plaintiff's motion for remand, ECF No. 5, is DENIED.

2. Defendants' request for extension of time to oppose the motion for remand, ECF No. 7, and plaintiff's motion for extension of time to file a reply, ECF No. 10, are both GRANTED.

3. Plaintiff's motion for sanctions, ECF No. 12, is DENIED.

4. A screening order addressing plaintiff's complaint will issue separately.

IT IS SO ORDERED.

Dated:   January 15, 2025                         _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE