UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY, | Case No. 2:24-cv-1756-DC-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, brings this action alleging that defendants violated his federal and state rights by denying him adequate medical care. ECF No. 1. He brought the case in the Sacramento County Superior Court and defendants removed the case to this court. *Id.* I am denying that motion to remand by separate order. After screening the complaint, I find that plaintiff has impermissibly joined multiple, unrelated claims against more than one defendant. Additionally, his claims against defendants Gates, McDaniels, Flores, and Ferris are inadequately pleaded. Plaintiff should file an amended complaint in thirty days that remedies these deficiencies.

1

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's complaint contains several unrelated claims in violation of the federal rules of civil procedure.[1] *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

---

[1] After removal, the federal rules of civil procedure apply. Fed. R. Civ. P. 81(c).

1  ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should
2  not be joined with unrelated Claim B against Defendant 2."). First, he alleges that defendants
3  Mehta, George, and Royal failed to provide him with adequate medical care for high blood sugar.
4  ECF No. 1 at 11, 23-24. Second, he alleges that defendant George failed to provide him with a
5  replacement hearing aid in retaliation for federal lawsuits he had filed. *Id.* at 19. Third, he
6  alleges that defendant Mendoza caused him great emotional distress, but no apparent physical
7  injury, when she attempted to force him to use an insulin pen that was contaminated by another
8  inmate's previous use. *Id.* at 20-21. These claims are not sufficiently related to proceed in a
9  single action, and plaintiff must either drop all but one or better explain in his pleadings how all
10 are related.

11 Additionally, plaintiff's claims against defendants Gates, McDaniels, Flores, and Ferris
12 are inadequate to proceed. He alleges that these defendants collectively violated his rights by
13 handling his medical grievances and failing to ensure that his care was adequate. There is no
14 constitutional right to any prison grievance procedure, however. *See Ramirez v. Galaza*, 334 F.3d
15 850 (9th Cir. 2002). And, while a grievance may be sufficient to provide notice to a defendant
16 that a rights violation is occurring and needs correcting, here plaintiff has failed to allege what
17 each defendant knew, when they knew it, and what power they had to correct the violation. ECF
18 No. 1 at 26-27. Plaintiff has attached the grievances to his complaint, but these do not substitute
19 for explicit allegations; I decline to read attached documents and intuit what plaintiff may or may
20 not be alleging against each defendant.

21 Plaintiff may file an amended complaint that cures these deficiencies. Plaintiff is advised
22 that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*,
23 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled
24 "Amended Complaint" and refer to the appropriate case number. If he fails to file an amended
25 complaint, I may recommend that parties and claims be dropped so that only related claims
26 remain.

27
28

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that claims and parties be dropped so that only viable, related claims remain.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Defendants' request for screening, ECF No. 6, is GRANTED.

IT IS SO ORDERED.

Dated:   January 15, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE