UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, *et al.*,<br><br>Defendants. | Case No.  2:24-cv-1756-DC-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff has various motions pending: (1) a motion to certify an order for interlocutory appeal and for a stay pending resolution of that appeal, ECF No. 19; (2) a motion to alter or amend an order, ECF No. 20; (3) a motion for extension of time to file his amended complaint, ECF No. 24; and (4) motions to proceed *in forma pauperis*, ECF Nos. 25 & 28.  Defendants oppose plaintiff's motion to certify and to stay, ECF No. 26, and plaintiff's motion to alter or amend, ECF No. 27.  I will grant plaintiff's motion for an extension, but I will deny plaintiff's motions to proceed *in forma pauperis* because defendants have already paid the filing fee.  I recommend that plaintiff's motions to certify and to alter or amend be denied.

1

**Background**

Plaintiff, a state prisoner proceeding pro se, brought this action in the Sacramento County Superior Court against defendants California Department of Corrections and Rehabilitation, N. Flores, M. Farris, S. Gates, B. George, E. McDaniel, A. Mehta, Y. Mendoza, and E. Royal. ECF No. 1 at 6. Defendants removed the action on the basis of federal question jurisdiction, noting that plaintiff alleged violations of his First and Eighth Amendment rights. *Id.* at 3, 6. Plaintiff moved for remand, seeking to amend his complaint and to drop his federal claims to negate federal question jurisdiction and, separately, arguing that the removal was procedurally deficient. ECF No. 5. Subsequently, plaintiff conceded that he could not simply delete his federal claims, ECF No. 10, but continued to maintain that the removal had been procedurally deficient because it occurred without defendant Flores, ECF Nos. 5 & 11.

I ultimately denied plaintiff's motion for remand, finding that Flores had not been properly served before the other defendants removed the case to federal court. ECF No. 17 at 2. As such, I determined that no procedural defect warranted remand, and that, even if a defect were present, defendants could cure that defect rather than remanding. *Id.*

I simultaneously screened plaintiff's complaint, finding that plaintiff's complaint had impermissibly joined certain defendants and failed to state cognizable claims against others. ECF No. 18. I ordered plaintiff to file, within thirty days, an amended complaint, and noted that, if he failed to do so, I would recommend that claims and parties be dropped so that only viable and related claims remained. *Id.* at 4.

**Motion to Certify Order Denying Remand for Interlocutory Appeal**

Plaintiff first moves to certify the order denying remand for interlocutory appeal. ECF No. 19. He asserts that the issues presented in his motion to remand involved controlling questions of law for which there was a substantial ground for difference of opinion and that the interlocutory appeal would materially advance the ultimate termination of the litigation. *Id.* at 5-9. Finally, he asks the court to enter a stay pending resolution of his interlocutory appeal. *Id.*

Defendants oppose plaintiff's motion, first arguing that the issue to be certified does not involve a controlling issue of law. ECF No. 26 at 2. They also contend that an interlocutory

1  appeal will not materially advance the termination of the litigation. *Id.* at 3. They note that
2  plaintiff has failed to perfect service upon other named defendants, and once those parties are
3  properly served, they will have an opportunity to file a notice of removal, to which other
4  defendants may consent. *Id.* According to defendants, these unserved defendants have the right
5  to remove the action, and such removal would moot the issues asserted by plaintiff—so certifying
6  an interlocutory appeal would do nothing to promote resolution. *Id.*

7  In reply, plaintiff appears to concede that the issues concerning proper service, consent,
8  and unanimity are factual, rather than legal. ECF No. 29 at 1-4. However, he reasserts that there
9  is a difference in opinion on application of the law regarding unanimity, and thus he argues that
10 interlocutory appeal is warranted. *Id.* at 4.

11 "Where a motion to remand is denied, the propriety of removal is reviewable on appeal
12 from the final judgment or by interlocutory appeal if the refusal to remand is certified under 28
13 U.S.C. § 1292(b)." *Sheeran v. General Elec. Co.*, 593 F.2d 93, 97 (9th Cir. 1979). Under
14 § 1292(b), a district court may certify for interlocutory appeal an otherwise non-appealable order
15 when: (1) the order involves a controlling question of law; (2) as to which there is substantial
16 ground for a difference of opinion; and (3) an immediate appeal from the order may materially
17 advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). All three criteria must be
18 met for a district court to certify an issue for interlocutory appeal. *Couch v. Telescope Inc.*, 611
19 F.3d 629, 633 (9th Cir. 2010).

20 Certification for interlocutory appeal is a tool that should be used sparingly; it should be
21 granted only in exceptional situations, where allowing interlocutory appeal would permit the
22 avoidance of protracted and expensive litigation. *See, e.g.*, *In re Cement Antitrust Litigation*, 673
23 F.2d 1020, 1026 (9th Cir. 1982); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir.
24 1959). The party seeking interlocutory appeal bears the burden of establishing that the
25 requirements for certification are met. *Couch*, 611 F.3d at 633.

26 For the movant to demonstrate that there is a "controlling question of law," the movant
27 must demonstrate that the "resolution of the issue on appeal could materially affect the outcome
28 of litigation in the district court." *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp.

1  2d 1059, 1065 (D. Haw. 2013) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026).
2  Determining a controlling question of law could involve determining the necessary and proper
3  parties, determining whether the court has jurisdiction, or whether federal or state law should
4  apply. *Id.* For an issue to "materially advance the ultimate termination of the litigation," the
5  interlocutory appeal will have to facilitate the resolution of the action by accelerating
6  determination of a controlling issue, saving litigants unnecessary hassle and expense. *Id.* at 1067.

7  "[A]ny civil action brought in a State court of which the district courts of the United
8  States have original jurisdiction, may be removed by the defendant or the defendants, to the
9  district court of the United States for the district and division embracing the place where such
10 action is pending." 28 U.S.C. § 1441(a). When a civil action is removed under § 1441(a), "all
11 defendants who have been properly joined and served must join in or consent to the removal,"
12 and each defendant has thirty days after service upon that defendant of the initial pleading to file a
13 notice of removal. 28 U.S.C. § 146(b)(2)(A)-(B). This is known as the "unanimity rule." *Atl.*
14 *Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 933 (9th Cir. 2010).

15 Lack of unanimity is a procedural defect and not a jurisdictional issue. *Gaskill v.*
16 *Travelers Ins. Co.*, No. C11-5847 RJB, 2012 WL 13024806, at *3 (W.D. Wash. Feb. 22, 2012).
17 As such, where a removal is procedurally deficient for lack of unanimity, district courts may
18 allow defendants to cure the defect by obtaining joinder of the missing defendants. *Destfino v.*
19 *Resiwig*, 630 F.3d 952, 956-57 (9th Cir. 2011); *see also Soliman v. Philip Morris Inc.*, 311 F.3d
20 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to
21 entry of judgment does not warrant reversal and remand of the matter to state court.").
22 Importantly, though, only defendants who have been properly served must join a petition for
23 removal. *Destfino*, 630 F.3d at 956. As such, when "none of the non-joining defendants [are]
24 properly served, their absence from the removal notice [does] not render the removal defective."
25 *Id.* at 957.

26 I recommend that plaintiff's motion to certify the denial of his motion for remand to state
27 court be denied. First, plaintiff has not demonstrated that this issue involves a "controlling
28 question of law." The determination of whether there is unanimity for removal is not an issue

whose resolution on appeal could materially affect the outcome of the case, as the issue is not necessary to determining the proper parties, is not jurisdictional, and does not involve a question of whether state or federal law applies. *See Hawaii ex rel. Louie*, 921 F. Supp. 2d at 1065. Instead, this issue is one of fact: the court must determine which defendants have been properly served and whether they have joined in or consented to the removal. This question requires the court to look at record evidence to find the answer, not case law. And, record evidence here shows that all properly served defendants have timely joined in or consented to the removal, and the only defendants who have not joined in or consented are those who were not properly served. *See* ECF No. 1 at 3; *see also* ECF No. 26 at 2.

Additionally, plaintiff has failed to establish that the resolution of this issue would materially advance the termination of the litigation. Should the court grant plaintiff's motion for an interlocutory appeal, and should the Ninth Circuit agree with plaintiff's contention, such decision would not facilitate resolution. Like the court has recognized, failure to obtain unanimity is not detrimental to a case, and district courts can give defendants the ability to obtain unanimity before final judgment is rendered. *See Destfino*, 630 F.3d at 956-57. As such, a finding of a lack of unanimity would not materially advance the termination of the litigation. Instead, the interlocutory appeal would add unnecessary hassle and expense. *See Hawaii ex rel. Louie*, 921 F. Supp. 2d at 1067. As such, plaintiff's motion should be denied.

**Motion to Alter or Amend**

Plaintiff moves to alter or amend the order denying his motion for remand under Federal Rules of Civil Procedure 52(b) and 59(e). ECF No. 20. He takes issue with the order denying remand's failure to acknowledge that defendant Mendoza had also not been properly joined nor consented to removal. *Id.* at 7. Plaintiff seeks a finding or fact that the notice of removal was procedurally defective. *Id.*

Defendants oppose plaintiff's motion. ECF No. 27. As to plaintiff's arguments under Rule 52(b), they contend that the court is not required to prepare findings of fact or conclusions of law for motions. *Id.* at 2. They also contend that plaintiff's request to alter or amend the

judgment to reflect that Mendoza had not consented to removal should be denied—because the record evidence demonstrated that Mendoza did consent to removal. *Id.*

Rule 59(e) "enables a party to request that a district court reconsider a just-issued judgment." *Banister v. Davis*, 590 U.S. 504, 507 (2020). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe. R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations, internal quotation marks, and emphasis omitted). Rule 59(e) is an extraordinary remedy that should "be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted).

Under Rule 52(b), "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Courts generally consider a Rule 52(b) motion under the same standard as a Rule 59(e) motion. *See Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997-98 (9th Cir. 2001) (applying the same analysis in its discussion of the Rule 59(e) and Rule 52(b) motions).

Generally, motions for reconsideration are disfavored and will not be granted "absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc). Courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 590 U.S. at 508; *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

I recommend that plaintiff's motion be denied. The record demonstrates that Mendoza consented to removal. ECF No. 1 at 3. As such, there are no manifest errors or law or fact that need to be altered or amended in my former order.

**Motion for Extension of Time to File Amended Complaint &**
**Motions to Proceed *In Forma Pauperis***

Finally, plaintiff moves for an extension of time to file his amended complaint. ECF No. 24. I will grant this motion. Plaintiff has thirty days from the entry of this order to file an amended complaint. The amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Plaintiff also moved to proceed *in forma pauperis*. ECF Nos. 25 & 28. However, defendants have already paid the filing fee. So, I will deny plaintiff's motions as moot.

**Conclusion**

Accordingly, it is ORDERED that:

1. Plaintiff's motion for an extension of time to file an amended complaint, ECF No. 24, is GRANTED. Plaintiff has thirty days from the entry of this order to file an amended complaint.

2. Plaintiff's motions to proceed *in forma pauperis*, ECF Nos. 25 & 30, are DENIED as moot.

Further, it is also RECOMMENDED that:

1. Plaintiff's motion to certify for an interlocutory appeal and for a stay pending resolution of the interlocutory appeal, ECF No. 19, be DENIED.

2. Plaintiff's motion to alter or amend, ECF No. 20, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the

court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 1, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE