UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY H. SOLVEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, *et al.*,<br><br>    Defendants. | Case No.  2:24-cv-1756-DC-JDP (P)<br><br>ORDER |

      Stanley H. Solvey, a state prisoner, brings this action against nine defendants, all medical personnel, and alleges numerous violations of his Eighth and Fourteenth Amendment rights.  He also raises state law claims related to these violations.  The claims raised, however, are not sufficiently related to proceed together.  I will dismiss the first amended complaint, ECF No. 33, with leave to amend so that plaintiff may bring only related claims.  I will also deny defendants' request for screening of the complaint as moot.  ECF No. 35.

    **I.**    **Screening and Pleading Requirements**

      A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's complaint alleges four different violations of his Eighth Amendment right to medical care:

First, he alleges that, in November 2022, defendant Anand Mehta, a physician, decreased his insulin prescription without consulting an endocrinologist, resulting in inflammation, nerve pain, and eyesight issues from inadequately controlled diabetes. ECF No. 33 at 10-11. Mehta allegedly then cancelled plaintiff's medical appointments in February and March 2023, leaving him to suffer the aforementioned maladies. *Id.* at 11. Plaintiff alleges that Mehta decreased his insulin in retaliation for grievances filed against other medical providers. *Id.* at 14.

1          Second, he claims that, on February 7, 2023, defendant George, a registered nurse, failed
2   to summon medical care for him after he complained of nerve pain in his feet. *Id.* at 15. He
3   claims that after he complained about this encounter in a grievance, George retaliated against him
4   by not scheduling an appointment for him to receive hearing aids. *Id.*
5          Third, he claims that, on February 19, 2023, defendant Mendoza, a registered nurse, tried
6   to persuade him to use another inmate's insulin needle, putting him at risk of contracting
7   hepatitis. *Id.* at 16-17.
8          Fourth, plaintiff alleges that defendant Royal, a medical assistant, declined to adequately
9   increase his insulin and abruptly ended a healthcare visit on March 7, 2023, after learning that he
10  had filed multiple grievances against defendant Mehta. *Id.* at 19. He claims that the curtailment
11  of the appointment also resulted in stomach pain from irritable bowel syndrome that went
12  undiagnosed for months. *Id.* at 20.
13         Then, with respect to defendants Gates, McDaniel, Ferris, and Flores, plaintiff alleges
14  only that they were aware, by way of grievances that he filed, that his medical needs were not
15  being met. *Id.* at 21.
16         Plaintiff alleges that each of these eight named defendants, excluding the California
17  Department of Corrections and Rehabilitation itself, were part of a conspiracy to withhold
18  adequate medical treatment in retaliation for his lawsuits and prison grievances. *Id.* at 22. He
19  claims that the conspiracy originated in November 2022 and that these individuals had meetings
20  at which they planned their retaliatory actions. *Id.*
21         The various medical claims raised by plaintiff cannot proceed against multiple defendants
22  in the same action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). They implicate
23  different and unrelated medical encounters; whether defendant Mehta wrongfully decreased his
24  insulin prescription in November 2022 is a separate question, factually and legally, from whether
25  defendant Mendoza tried to force him to use a contaminated needle in February 2023. Allowing
26  these disparate claims to proceed together would turn the action into an unwieldy mess at every
27  stage of the litigation. Moreover, litigants are not permitted to skirt filing fees for what should be
28  multiple cases by packing all their claims into a single bloated action. I recognize that plaintiff

1  attempts to join these disparate allegations by claiming that they were all part of a campaign of
2  retaliation against him for filing prison grievances and lawsuits against healthcare providers.
3  ECF No. 33 at 22.  He offers no specific allegations as to how he knows that all the defendants
4  were engaged in this broad campaign, however.  Moreover, courts have rejected attempts by
5  litigants to join unrelated claims in this manner.  *See, e.g.*, *Walker v. Kernan*, No. 2:17-cv-1764
6  KJM-DB (P), 2019 U.S. Dist. LEXIS 134668, *12 (E.D. Cal. Aug. 8, 2019) ("Simply alleging a
7  'conspiracy' does not transform unrelated claims into related claims.").
8        I will give plaintiff an opportunity to amend so that he may bring only related claims.  He
9  is advised that the amended complaint will supersede the current complaint.  *See Lacey v.*
10 *Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint
11 should be titled "Second Amended Complaint" and refer to the appropriate case number.
12       Accordingly, it is ORDERED that:
13       1. Plaintiff's first amended complaint, ECF No. 33, is DISMISSED with leave to amend.
14       2. Within thirty days from service of this order, plaintiff shall file either (1) an amended
15 complaint or (2) notice of voluntary dismissal of this action without prejudice.
16       3. Failure to timely file either an amended complaint or notice of voluntary dismissal may
17 result in the imposition of sanctions, including a recommendation that this action be dismissed
18 with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
19       4. The Clerk of Court shall send plaintiff a complaint form with this order.
20       5. Defendants' request for screening of the first amended complaint, ECF No. 35, is
21 DENIED as moot.

IT IS SO ORDERED.

Dated:   October 7, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4