UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY H. SOLVEY,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,

Defendants.

Case No.  2:24-cv-1756-DC-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

On October 7, 2025, I determined that plaintiff's first amended complaint impermissibly sought to join multiple, unrelated claims against more than one defendant.  ECF No. 36.  I offered him an opportunity to amend and remedy this deficiency, but plaintiff declined and, ultimately, appealed.  ECF Nos. 37 & 38.  The appeal was dismissed after the Court of Appeals found that it lacked jurisdiction, since dismissal had been with leave to amend.  ECF No. 45 at 2.  Now that the appeal is settled, and considering that plaintiff appears unwilling to file an amended complaint containing only related claims, I will recommend that only his Eighth Amendment claims against defendant Anand Mehta proceed.  All other claims should be dismissed so that plaintiff may bring them, if at all, in separate suits.

As I explained in my screening order, plaintiff's complaint contains several unrelated

1

claims in violation of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").  The first of these four claims, as stated in my screening order, is recommended to proceed. That claim alleges that, in November 2022, defendant Anand Mehta, a physician, decreased plaintiff's insulin prescription without consulting an endocrinologist, resulting in inflammation, nerve pain, and eyesight issues from inadequately controlled diabetes.  ECF No. 33 at 10-11. Mehta allegedly then cancelled plaintiff's medical appointments in February and March 2023, leaving him to suffer the aforementioned maladies.  *Id.* at 11.  Plaintiff alleges that Mehta decreased his insulin in retaliation for grievances filed against other medical providers.  *Id.* at 14.

Plaintiff's other claims, for the reasons described in my screening order, are insufficiently related to proceed.  As noted therein, the other claims relate to factually separate alleged denials of medical care arising in 2023.  ECF No. 36 at 2-3.  Accordingly, I recommend that they be dismissed so that they may be brought separately.  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").  In so doing, I find that plaintiff will not likely be prejudiced insofar as those claims, arising in 2023, can still be timely brought.  *See Sanchez v. Does 1-20*, No: 24-cv-01591-BAS-DDL, 2025 U.S. Dist. LEXIS 8868, *10-11 (S.D. Cal. Jan. 14, 2025) ("Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).")

Accordingly, it is ORDERED that:

1.  The dismissal of plaintiff's first amended complaint, ECF No. 36, is VACATED and that complaint is the operative one in this action.

2.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 41, is DENIED as moot.

3.  Plaintiff's motion for ruling on notice of election, ECF No. 43, is GRANTED to the extent that this order serves as that ruling.

Further, it is RECOMMENDED that plaintiff be permitted to proceed only with his

2

Eighth Amendment denial of medical care claims against defendant Anand Mehta.  All other claims should be dismissed so that they may be brought in separate suits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 30, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3